James E. Magleby (7247)
  magleby@mcpc.law
Edgar Cataxinos (7162)
  cataxinos@mcpc.law
Geoffrey K. Biehn (13445)
  biehn@mcpc.law
Yevgen Kovalov (16297)
  kovalov@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011
Attorneys for Intervenor and Interested Party
  Magleby Cataxinos & Greenwood, PC,
  k/n/a Magleby Cataxinos, PC

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| **MAGLEBY CATAXINOS, PC,**<br><br>Petitioner,<br><br>v.<br><br>**VITAMINS ONLINE, INC., HEARTWISE, INC., PRAVATI CAPITAL LLC, PRAVATI CREDI FUND III, LP, AND PRAVATI INVESTMENT FUND IV, LP,**<br><br>Respondents. | **PETITIONER'S RESPONSE TO THE COURT'S OCTOBER 31, 2024 ORDER AND MOTION FOR VOLUNTARY DISMISSAL**<br><br>Appellate Case No. 24-605<br><br><br>**United States District Court District of Utah**<br>**Case No.: 2:13-cv-00982-DAK**<br>**District Judge Dale A. Kimball** |

Pursuant to the Court Order entered on October 31, 2024, Petitioner and Intervenor and Interested Party Magleby Cataxinos & Greenwood, PC, k/n/a Magleby Cataxinos, PC ("Petitioner" or "MCG") respectfully submits this Response the Court's October 31, 2024 Order and Motion for Voluntary Dismissal. *See* 10/31/24 Order, Dkt. 2.

Section 1291 of Title 28 of the United States Code gives the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S. Code § 1291. The process for appealing final decisions is set forth in Rules 3 and 4 of the Federal Rules of Appellate Procedure. Section 1292 of Title 28 of the United States Code gives the courts of appeals jurisdiction of interlocutory orders. *See* 28 U.S. Code § 1292. The procedure of the appealing interlocutory orders is set forth in Rule 5 of the Federal Rules of Appellate Procedure.

The decision of the Supreme Court in *Cohen* created a collateral order doctrine, under which appellate jurisdiction exists if three elements are satisfied: "an order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *S.E.C. v. Merrill Scott*

1

*& Assocs., Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010) (internal quotations omitted).

This and other circuits have characterized the orders that fall under the collateral order doctrine as interlocutory. *See Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1323 (10th Cir. 2024) ("Under this doctrine, an interlocutory district-court order may be appealed if three conditions are met...."); *Los Lobos Renewable Power, LLC v. Americulture, Inc*, 885 F.3d 659, 664 (10th Cir. 2018) ("the federal courts of appeals have jurisdiction to review some orders not considered final in the traditional sense" and "the New Mexico anti-SLAPP statute in federal court warrants interlocutory review under the collateral order doctrine"); *Garrick v. Moody Bible Inst.*, 95 F.4th 1104, 1110 (7th Cir. 2024) ("To qualify for interlocutory appeal as a collateral order, an order must satisfy three conditions....").

Because the collateral orders have been characterized as interlocutory, it appeared to MCG that this Court's jurisdiction over collateral orders may arise out of 28 U.S.C. 1292 and may require a permission to appeal. As such, to preserve its appeal rights, MCG pursued two appellate avenues, through a notice of appeal and through a petition for permission to appeal.

However, it became apparent to MCG that the proper way to appeal the district courts' collateral orders is through a notice of appeal and no permission of this Court is required. *See Los Lobos,* 885 F.3d at 662 (finding that the court had appellate jurisdiction over a collateral order where "Defendants failed to petition this court, and instead only filed a notice of appeal"). As such, MCG will pursue its appeal through the appellate case no. 24-4110, which was initiated by MCG's October 30, 2024 notice of appeal. Consequently, MCG voluntarily withdraws its petition and moves the Court to dismiss this case.

DATED this 7th day of November 2024.

**MAGLEBY CATAXINOS, PC**

/s/ James E. Magleby
James E Magleby
Edgar Cataxinos
Geoffrey K. Biehn
Yevgen Kovalov

Attorneys for Intervenor and Interested Party Magleby Cataxinos & Greenwood, PC, k/n/a Magleby Cataxinos, PC

3

# CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS, PC, 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PETITIONER'S RESPONSE TO THE COURT'S OCTOBER 31, 2024 ORDER AND MOTION FOR VOLUNTARY DISMISSAL** was delivered to the following this 7th day of November, 2024, by Electronic Mail:

Chad E. Nydegger
 cnydegger@wnlaw.com
Workman Nydegger
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111

Attorneys for Vitamins Online


Steven H. Bergman
 steven-bergman@rbmn.com
Cody G. Kesler
 cody-kesler@rbmn.com
Adam S. Affleck
 adam-affleck@rbmn.com
Richards Brandt Miller Nelson
111 East Broadway, Suite 400
Salt Lake City, UT 84111

Attorneys for Pravati Capital, LLC;
Pravati Credit Fund III, LP; and Pravati Investment
Fund IV, LP

E. Scott Savage
 ssavage@sywlaw.com
Savage, Yeates & Waldron, P.C.
170 South Main Street, Suite 1075
Salt Lake City, Utah 84101

R. Joseph Trojan (*pro hac vice*)
 trojan@trojanlawoffices.com
Francis Wong (*pro hac vice*)
 wong@trojanlawoffices.com
Lan C. Dang (*pro hac vice*)
 dang@trojanlawoffices.com
Trojan Law Offices
9250 Wilshire Blvd., Suite 325
Beverly Hills, California 90212

Attorneys for Defendant HeartWise

/s/ H. Evan Gibson

4